UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Clayton James Hanks,

         Plaintiff,

v.

Jason Hills, *Lieutenant, in their individual and official capacities*; Nicholas Desotelle, *Correctional Officer, in their individual and official capacities*; Dustin Engh, *in their individual and official capacities*; Michael Marcott, *in their individual and official capacities*; Lawrence Amsden, *in their individual and official capacities*; Chris Schultz, *in their individual and official capacities*; Luke Richling, *in their individual and official capacities*; Trista Shields, *in their individual and official capacities*; Johannes Olivier, *in their individual and official capacities*; Emily Mellingen, *in their individual and official capacities*; Travis Brinkley, *in their individual and official capacities*; Minnesota Department of Corrections; and Corizon (company name unknown),

         Defendants.

Case No. 15-cv-4275 (JNE/TNL)

**REPORT & RECOMMENDATION**

---

      This matter comes before the Court on Plaintiff's "Motion for Time-Extension, etc." (Mot., ECF No. 38). As the Court observed in an Order dated August 29, 2016 (ECF No. 56), Plaintiff's motion contained numerous requests including a request for a temporary restraining order ("TRO"), which the Court indicated would be handled by separate report and recommendation, (Order at 5). Plaintiff's request for a TRO has been referred to the undersigned for a report and recommendation to the district court, the

1

Honorable Joan N. Ericksen, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1.

Plaintiff is currently incarcerated. In brief, this lawsuit arises out of an incident that occurred in December 2014. Plaintiff alleges that, after injuring his left forearm as a result of his mental illness, he requested that Defendants bring him to the hospital for treatment. Instead, Defendants administered some first aid and placed Plaintiff on a restraint board. Plaintiff brings several federal and state law claims based on injuries he suffered as a result of being placed on the restraint board and inadequate medical treatment. Plaintiff requests that a TRO be issued "prohibiting the [D]efendants from using the [r]estraint [b]oard at least until a hearing can be held." (Mot. at 3.) Despite responding to other requests contained in the motion, Defendants did not respond to Plaintiff's request for a TRO. (*See generally* Defs.' Mem. in Opp'n, ECF No. 42.)

"Injunctive relief is an extraordinary remedy, and the burden rests with the movant to establish its propriety." *Jackson v. Macalester College*, No. 16-cv-448 (WMW/BRT), ___ F. Supp. 3d ____, 2016 WL 3029932, at *2 (D. Minn. Mar. 11, 2016); *accord Select Comfort Corp. v. Tempur Sealy Int'l, Inc.*, 988 F. Supp. 2d 1047, 1052 (D. Minn. 2013) (party requesting injunctive relief "bears the 'complete burden'" of proving all factors) (quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987)). A TRO is appropriate when "specific facts . . . clearly show that immediate and irreparable injury, loss, or damage will result to the mov[ing party]." Fed. R. Civ. P. 65(b)(1)(A); *see Select Comfort Corp.*, 988 F. Supp. 2d at 1052 (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)) (listing *Dataphase* factors). While the

Court considers a number of factors in determining whether to issue a TRO, the Eighth Circuit "has repeatedly emphasized the importance of a showing of irreparable harm." *Caballo Coal Co. v. Ind. Mich. Power Co.*, 305 F.3d 796, 800 (8th Cir. 2002) (citations omitted); *accord Jackson*, 2016 WL 3029932, at *2; *see Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959) ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.") (footnote omitted).  The failure to show irreparable harm is itself a sufficient ground to deny a request for injunctive relief.  *Jackson*, 2016 WL 3029932, at *2 (citing *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)).  "Merely demonstrating the 'possibility of harm' is not enough." *Chlorine Inst., Inc. v. Soo Line R.R.*, 792 F.3d 903, 915 (8th Cir. 2015) (citation omitted).  "The irreparable harm must be certain and imminent such that there is a clear and present need for equitable relief." *Select Comfort Corp.*, 988 F. Supp. 2d at 1054 (quotation omitted).

Plaintiff's request for a TRO is contained in a single sentence: "I further notify the Court that I am motioning [sic] the court to order /issue a Temporary Restraining Order prohibiting the defendants from using the Restraint Board at least until a hearing can be held." (Mot. at 3.)  Plaintiff has not identified any immediate and irreparable harm that will come to him.  While the Court recognizes that Plaintiff is proceeding pro se and his filings must be construed liberally, Plaintiff must provide some basis to support his request for extraordinary relief.  In addition, it appears that any harm to Plaintiff is speculative based on the current record.  Plaintiff has alleged injuries resulting from Defendants' response to an episode of Plaintiff's mental illness.  The Court will not

speculate as to whether or when Plaintiff will experience another episode, how his symptoms will manifest, or Defendants' response to such dynamic and unpredictable circumstances.

Moreover, "the well-established function of a temporary restraining order is to maintain the status quo." *Kelley v. First Westroads Bank*, 840 F.2d 554, 558 (8th Cir. 1988). Prison officials are accorded substantial deference in matters of institutional security. *See, e.g.*, *Walton v. Dawson*, 752 F.3d 1109, 1121-22 (8th Cir. 2014) ("We must give substantial deference to prison officials to determine the best methods for dealing with dangerous inmates in the volatile environment that is prison life.") (quotation omitted); *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) ("[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'") (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). The relief Plaintiff seeks does not preserve the status quo, but potentially alters institutional security. *See Brooks v. Roy*, 881 F. Supp. 2d 1034, 1049 (D. Minn. 2012) ("The burden is especially heavy where . . . the moving party seeks not to maintain the status quo, but to obtain relief similar to that which it could obtain after a trial on the merits."). Granting Plaintiff's request would limit the means available to Defendants to respond to an inmate engaging in self-harm as a result of his mental illness, increasing the risk of harm not only to the inmate himself but to other inmates and institutional personnel as well.

In sum, Plaintiff has not shown that immediate and irreparable harm will come to

him absent the issuance of a TRO and the potential for future harm is too speculative on this record. Accordingly, Plaintiff is not entitled to injunctive relief. Based on the foregoing and for the reasons stated herein, **IT IS HERBY RECOMMENDED** that the request for a TRO contained in Plaintiff's "Motion for Time-Extension, etc." (ECF No. 38) **BE DENIED**.

Date: August  29  , 2016         *s/ Tony N. Leung*
                                  Tony N. Leung
                                  United States Magistrate Judge
                                  for the District of Minnesota


                                  *Hanks v. Hills*
                                  Case No. 15-cv-4275 (JNE/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.