UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Clayton James Hanks,

          Plaintiff,

v.

Jason Hills, *Lieutenant, in their individual and official capacities*; Nicholas Desotelle, *Correctional Officer, in their individual and official capacities*; Dustin Engh, *in their individual and official capacities*; Michael Marcott, *in their individual and official capacities*; Lawrence Amsden, *in their individual and official capacities*; Chris Schultz, *in their individual and official capacities*; Luke Richling, *in their individual and official capacities*; Trista Shields, *in their individual and official capacities*; Johannes Olivier, *in their individual and official capacities*; Emily Mellingen, *in their individual and official capacities*; Travis Brinkley, *in their individual and official capacities*; Minnesota Department of Corrections; and Corizon (company name unknown),

          Defendants.

Case No. 15-cv-4275 (JNE/TNL)

**REPORT & RECOMMENDATION**

Clayton James Hanks, OID #201882, MN Correctional Facility—Faribault, 1101 Linden Lane, Faribault, MN 55021-6400 (pro se Plaintiff);

Timothy S. Christensen, Assistant Attorney General, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, St. Paul, MN 55101-2127 (for Defendants Jason Hills, Dustin Engh, Michael Marcott, Lawrence Amsden, Chris Schultz, Luke Richling, Johannes Olivier, Emily Mellingen, Travis Brinkley, and Minnesota Department of Corrections);

Trista Shields; and

1

Andrea Pavelka Hoversten and Charles Gross, Geraghty O'Loughlin & Kenney, PA, Alliance Bank Center, Suite 1100, 55 East Fifth Street, St. Paul, MN 55101-1812 (for Defendant Corizon (company name unknown)).

## I. BACKGROUND

Plaintiff, a prisoner proceeding pro se, filed the Complaint in this matter on December 2, 2015. (ECF No. 1.) On January 7, 2016, Plaintiff was granted leave to proceed *in forma pauperis* (ECF No. 7), which entitled him to have Defendant Trista Shields ("Defendant Shields") served by the United States Marshals. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). On February 25, 2016, Defendant Shields' summons was returned unexecuted with a notation that she was no longer employed at the correctional facility located in Oak Park Heights, Minnesota—the address Plaintiff had provided for service. (ECF No. 13 at 3.) On April 20, 2016, this Court issued an Order informing Plaintiff that more than 90 days had elapsed and Defendant Shields had not entered an appearance. (ECF No. 22 at 1.) *See* Fed. R. Civ. P. 4(m) (requiring the court to dismiss an action without prejudice or order that service be made within a specified time if a defendant has not been served within 90 days after the filing of the complaint). The Court ordered Plaintiff to inform Defendant Shields or her counsel to answer or otherwise respond to the Complaint and, if no answer or responsive pleading was filed, to seek default judgment against her. (ECF No. 22 at 2.) The Court also instructed Plaintiff to advise the Court in writing of any good cause to the contrary. (ECF No. 22 at 2.)

In response to the Court's Order, Plaintiff moved to compel the address of Defendant Shields in order to effect service of process. (ECF No. 46 at 4, 12-22.) The

Court ultimately ordered Defendants to provide Defendant Shields' last-known contact information to the Clerk of Court under seal, at which point the Clerk of Court would provide the information to the United States Marshals who would use reasonable efforts to obtain the current address of Defendant Shields and attempt to effect service. (ECF No. 46 at 21.) Defendants complied, and the information was forwarded to the United States Marshals. (ECF Nos. 53, 54.)

Consistent with the Court's directive, the United States Marshals used this information to attempt to locate and serve Defendant Shields. Through their investigation, the United States Marshals determined that Defendant Shields no longer lived at the last known address; there was no forwarding address; and it was believed that Defendant Shields was no longer in Minnesota. A search of two different databases also yielded no results. The summons for Defendant Shields was again returned unexecuted.

## II. ANALYSIS

As this Court previously observed, several courts have found it "unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison." *Richardson v. Johnson*, 598 F.3d 734, 739-40 (11th Cir. 2010); *accord Allen v. Carey*, 626 F. App'x 852, 854 (11th Cir. 2015) (per curiam); *Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order); *see also Baldwin v. Croft*, No. 3:12 CV 1867, 2013 WL 172870, at *2 (N.D. Ohio Jan. 16, 2013) ("Because Plaintiff is a prisoner, it is highly unlikely he will be able to obtain Defendants' last known addresses without the Marshals' or this Court's assistance, and it appears the Marshals could obtain these addresses with reasonable

effort."); *Ely v. Smith*, No. 1:07-cv-261, 2008 WL 2076651, at *2 (E.D. Tenn. May 15, 2008) (describing it as "virtually impossible for Plaintiff to obtain Officer Smith's current address since prison guards typically do not want prisoners to have their home addresses, and it is often very difficult, if not impossible, for prisoners to learn the current address of such employees"). As a result, courts have held "that when the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more than the information necessary to identify the defendant." *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990); *accord Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (per curiam). Once the identifying information is provided, the United States Marshals are then required to use reasonable efforts to obtain the individual's current address and complete service. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995).

There is no dispute that Plaintiff has sufficiently identified Defendant Shields. The only issue has been her current whereabouts. The Court ordered Defendants to supply Defendant Shields' last-known contact information, so that the United States Marshals could attempt to locate her. *See Beyer v. Pulaski Cnty. Jail*, 589 F. App'x 798, 799 (8th Cir. 2014) (per curiam). The information provided to the Court shows the investigative efforts the United States Marshals undertook in an effort to locate Defendant Shields. The Court finds that the United States Marshals made reasonable efforts to locate Defendant Shields and, despite those efforts, were unsuccessful.

Rule 4 requires this Court to dismiss an action without prejudice if the Complaint is not served within 90 days of its filing. Fed. R. Civ. P. 4(m). More than 90 days have passed since the filing of the Complaint in this matter and, notwithstanding the

4

reasonable efforts to locate Defendant Shields, she cannot be found and summonses have been returned unexecuted. Based on the circumstances of this case, any further extensions would be futile. Therefore, the Court recommends that this matter be dismissed without prejudice with respect to Defendant Trista Shields.

### III. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** with respect to Defendant Trista Shields.

Date: November 7 , 2016

        *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
for the District of Minnesota

*Hanks v. Hills*
Case No. 15-cv-4275 (JNE/TNL)

### NOTICE

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date**: This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.