UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CLAYTON JAMES HANKS, | Case No. 15-cv-4275 (JNE/TNL) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JASON HILLS, *Lieutenant,*; NICHOLAS DESOTELLE, *Correctional Officer*; DUSTIN ENGH; MICHAEL MARCOTT; LAWRENCE AMSDEN; CHRIS SCHULTZ; LUKE RICHLING; TRISTA SHEILDS; JOHANNES OLIVER; EMILY MELLINGEN; TRAVIS BRINKLEY; MINNESOTA DEPARTMENT OF CORRECTIONSL and CORIZON (*company name unknown*), *in their individual and official capacities*, | |
| Defendants. | |

Clayton James Hanks, OID #201882, Minnesota Correctional Facility – Faribault, 1101 Linden Lane, Faribault, MN 55021-6400 (*pro se* Plaintiff);

Timothy S. Christensen, Assistant Attorney General, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101-2128 (for Defendants Jason Hills, Dustin Engh, Michael Marcott, Lawrence Amsden, Chris Schultz, Luke Richling, Johannes Oliver, Emily Mellingen, Travis Brinkley, and Minnesota Department of Corrections); and

Andrea Pavelka Hoversten and Charles Gross, Geraghty O'Loughlin & Kenney, PA, Alliance Bank Center, Suite 1100, 55 East Fifth Street, St. Paul, MN 55101-1812 (for Defendant Corizon Inc.).

This matter comes before the Court, United States Magistrate Judge Tony N. Leung, on Defendant Corizon Inc.'s ("Corizon") Motion to Dismiss, (ECF No. 64). This motion has been referred to the undersigned for a report and recommendation to the

district court, the Honorable Joan N. Ericksen, District Judge for the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1.  Based upon the record, memoranda, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Corizon's motion be **GRANTED**, and that the claims against Corizon be **DISMISSED**.

## I.   BACKGROUND

Plaintiff filed the Complaint in this matter on December 2, 2015.  (ECF No. 1.)  Plaintiff is an inmate incarcerated at a state correctional facility run by the Minnesota Department of Corrections ("DOC").  This action arises out of an incident that occurred on or about December 25, 2014.  (*Id.* at 4.[1])  Plaintiff alleges that he had seriously injured his left forearm as a result of his mental illness and requested to be seen by a doctor or taken to the hospital.  (*Id.* at 4, 6, 7, 8, 10, 11.)  Rather than take him to the hospital, Plaintiff alleges that Defendants administered some first aid and placed him on a restraint board.  (*Id.* at 6, 11.)  Plaintiff alleges that Defendants were trying to teach him a lesson and were angry at him for ruining their holiday evening.  (*Id.* at 6, 8, 9.)

Plaintiff alleges that he was placed on the restraint board in only his underwear and that Defendants purposefully secured the restraint board's straps so tightly that he experienced "excruciating pain" in several areas of his body, found it difficult to breathe, and vomited.  (*Id.* at 7, 8, 9, 10, 12.)  Plaintiff also alleges that the use of the restraint board further aggravated his seizure disorder, causing him to have seizures while

---

[1] In light of the inconsistent pagination of the Complaint itself, the Court uses the ECF page numbers.

restrained, and caused him emotional distress. (*Id.* at 9, 10, 12.) Plaintiff alleges that he "began sobbing and wailing in physical, emotional and mental pain and going into hysterics on numerous occasions" and the "[o]ffenders in the cells around [him] could hear [him] and laughed at [him] and made fun of [him]. (*Id.* at 9.) Plaintiff alleges that, as a result of Defendants' actions, he suffered permanent nerve damage, torn muscles and ligaments, and an infection. (*Id.* at 12.)

Plaintiff alleges that (1) Defendants were deliberately indifferent to his serious medical needs; (2) Defendants' actions amounted to cruel and unusual punishment, excessive force, and the unnecessary and wanton infliction of pain; and (3) Defendants

> committed numerous torts . . . under Minnesota State Law including, but not limited to: assault and battery, intentional infliction of emotional (severe) distress, intentional inflict [sic] of personal injury and pain and suffering, negligence, medical negligence, negligent infliction of emotional distress, personal injury both intentional and in negligence, intentionally interfering with [Plaintiff's] need for medical care by inducing the other defendants (the nurses) not to act and torturing [him].

(*Id.* at 11-12.)

On April 20, 2016, the Court issued an Order, informing Plaintiff that it appeared that more than 90 days had passed since the matter had been filed and there had been no appearance by three of the Defendants, including Corizon. (ECF No. 22, at 1.) The Court permitted an extension of time to serve Corizon. (ECF No. 46.) On September 6, 2016, Plaintiff served Corizon with the Complaint. In response, on September 27, 2016, Corizon filed the present Motion to Dismiss and/or for Summary Judgment.

Corizon contends that it is not a proper defendant. Corizon presents an affidavit showing that prior to January 1, 2014, Corizon had a contract with the State of Minnesota to provide medical services to inmates at Minnesota Department of Corrections facilities. (ECF No. 66 ¶ 4.) As of January 1, 2014, the State of Minnesota began contracting with a different company to provide medical services at the State's correctional facilities. (*Id.*) Corizon did not provide nursing services to the Minnesota DOC. (*Id.* ¶ 6.) Because its contract had ended, Corizon did not have any employees, agents, or independent contractors working at Minnesota DOC facilities at the time of Plaintiff's alleged mistreatment. (*Id.* ¶ 7.)

## II. DISCUSSION

### A. Legal Standard

Corizon moves for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and in the alternative for summary judgment under Fed R. Civ. P. 56(a).

In deciding a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations and then determines "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Furthermore, the court must draw reasonable inferences in the plaintiff's favor. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sletten & Brettin Orthodontics v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)); *accord Zink*, 783 F.3d at 1098. Facial plausibility of a claim exists "when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Although a sufficient complaint need not be detailed, it must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *see id.* ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion of a legally cognizable right of action.") (quotations and citation omitted). Additionally, complaints are insufficient if they contain "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In assessing a complaint by a *pro se* plaintiff, the court applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (quotation and citation omitted); *accord Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "If the essence of an allegation is discernible," then the court, in applying a liberal construction to *pro se* complaints, "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Despite the liberal construal of such complaints, the *pro se* plaintiff "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d 912, 914 (8th Cir. 2004)). Thus, *pro se* litigants "must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter

of law." *Stringer*, 446 F.3d at 802 (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

Under Rule 56(a), courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) ("The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'") (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).  In considering such a motion, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56(c)).  But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (quotation and citation omitted).  Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination

6

of every action.'" *Celotex Corp.*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1); *Torgerson*, 643 F.2d at 1043.

### B.  Motion to Dismiss

Corizon contends that the claims against it should be dismissed because (1) "it is undisputed that Corizon was in no way involved in the care and treatment at issue in [Plaintiff's] complaint[;]" and (2) "Plaintiff's Complaint fails to allege any facts connecting Corizon to his Eighth Amendment or state law tort claims." (ECF No. 65, at 7.)  Corizon cites to its submitted affidavit to support its first conclusion.  (*Id.*)  Courts "generally may not consider materials outside the pleadings when deciding a motion to dismiss for failure to state a claim or for judgment on the pleadings." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).  A court, "may, however, consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Greenman*, 787 F.3d at 887 (citing *Porous Media*, 186 F.3d at 1079).  However, the affidavit presented by Corizon is not encompassed in the categories of outside-the-pleadings materials that the Court may consider.  Therefore, the affidavit does not justify dismissal under Rule 12(b)(6).[2]

As to its second conclusion, Corizon is correct that Plaintiff fails to plead facts connecting Corizon to his alleged mistreatment.  While Plaintiff discusses a variety of officials and staff in his Complaint, he does not plead facts establishing a connection

---

[2] Corizon's alternative Motion for Summary Judgment will be addressed in Section II.C, *infra*.

between those persons and Corizon. Nor does he plead what, if any, role Corizon had in managing any aspect of the facility in which Plaintiff was allegedly mistreated. Without more detail, Plaintiff has failed to "set a claim forth [against Corizon] in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Stringer*, 446 F.3d at 802.

### C. Summary Judgment

Corizon alternatively moves for summary judgment. For the purposes of Rule 56(a), the affidavit presented by Corizon may be considered. *Celotex*, 477 U.S. at 323 (noting that the movant "bears the initial responsibility of informing the district court of the basis for its motion"). By presenting evidence that Corizon and its employees had no contract with the Minnesota DOC at the time of Plaintiff's alleged mistreatment, Corizon satisfied its burden under Rule 56. *Id.* The burden then shifted to Plaintiff to present evidence that would rebut Corizon's contention. *See Jetton v. McDonnell Douglas Corp.*, 121 F.3d 423, 427 (8th Cir. 1997) (noting that a plaintiff needed to present evidence rebutting exculpatory evidence presented by defendant in a summary judgment motion). Plaintiff, however, has not submitted any response to Corizon's present Motion. In its Scheduling Orders, the Court reminded Plaintiff of the need to review the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Minnesota and informed Plaintiff that if he failed to adhere to deadlines, the Court would consider recommending dismissal of his claims. (*E.g.*, ECF No. 47 ¶ 6 (Amended Scheduling Order).) Further, the Court issued a Case Management Order governing the deadlines for responding to Corizon's Motion and indicated that Plaintiff's

response was due on or before October 25, 2016. (ECF No. 65, at 1.) The Case Management Order also informed Plaintiff that "[f]ailure to comply with any provision of [the] Order . . . shall subject the non-complying party . . . to any and all appropriate remedies," including complete or partial dismissal. (*Id.*) Nevertheless, "[t]he Eighth Circuit has held that a District Court should consider, and decide, a Motion for Summary Judgment, even where the non-moving party has not responded[.]" *LOL Fin. Co. v. F.J. Faison, Jr. Revocable Trust*, No. CIV. 09-741 JRT/RLE, 2010 WL 3118630, at *5 (D. Minn. July 13, 2010), *report and recommendation adopted*, No. CIV. 09-0741 JRT/RLE, 2010 WL 3118583 (D. Minn. Aug. 4, 2010) (citing *Jetton*, 121 F.3d at 427).

Based on the record before the Court, Corizon should be granted summary judgment. Corizon presented uncontested evidence that it no longer had a contract with the Minnesota DOC at the time of Plaintiff's alleged mistreatment. (ECF No. 66 ¶ 4.) Corizon also presented uncontested evidence that it did not have any employees, agents, or independent contractors working for the Minnesota DOC at the time of Plaintiff's alleged mistreatment. (*Id.* ¶ 7.) Corizon's evidence is confirmed by an affidavit submitted on behalf of the Minnesota DOC in conjunction with a previous motion. (*See* ECF No. 35 ¶ 4.) The record before the court reveals no genuine dispute as to any material fact and that Corizon is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The Court recommends that Plaintiff's claims against Corizon be dismissed.

### III.     RECOMMENDATION

Based upon the foregoing and all of the files, record, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Corizon, Inc.'s Motion to Dismiss, (ECF No. 64), be **GRANTED**.

2. Plaintiff's claims against Corizon, Inc., be **DISMISSED**.


Dated: January 5, 2017                     /s Tony N. Leung
                                           Tony N. Leung
                                           United States Magistrate Judge
                                           District of Minnesota

                                           *Hanks v. Hills et al.*
                                           Case No. 15-cv-4275 (JNE/TNL)


### NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgement of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.