UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Clayton James Hanks,

    Plaintiff,

v.

Jason Hills, Nicholas Desotelle, Dustin Engh, Michael Marcott, Lawrence Amsden, Chris Schultz, Luke Richling, Trista Shields, Johannes Olivier, and Melissa Cook n/k/a Melissa Freshwater, *each in their individual capacities*; and Minnesota Department of Corrections,

    Defendants.

Case No. 15-cv-4275 (JNE/DTS)

ORDER

This matter is currently before the Court on a Report and Recommendation ("R&R") issued by United States Magistrate Judge David T. Schultz on May 1, 2018. The magistrate judge recommended granting Defendants' motion for summary judgment. Plaintiff Clayton James Hanks filed timely objections to the R&R. Pursuant to D. Minn. L.R. 72.2(b), the Court has conducted a *de novo* review of the record. Based on that review, the Court accepts the recommended disposition.

**OBJECTIONS**

Hanks makes four objections to the magistrate judge's findings and recommendations.[1] First, he maintains that the magistrate judge erred in concluding that

---

[1] The factual background and procedural history set forth in the Report and Recommendation are incorporated by reference here.

1

Defendant Jason Hills was entitled to qualified immunity. Pl.'s Obj. at 8-10. Specifically, Hanks contends that the magistrate should have found, based on the evidence in the record, that Hills ordered Hanks to be placed on a restraint board as a form of punishment in violation of the Eighth Amendment. *Id.* at 9. But as the Eighth Circuit made clear last year in a similar case involving the use of a restraint board on a self-injurious inmate, "[P]unishing an inmate to preserve internal order and discipline and to maintain institutional security does not violate the Eighth Amendment, unless the punishment or force used is repugnant to the conscience of mankind. . . ." *Jackson v. Gutzmer*, 866 F.3d 969, 978 (8th Cir. 2017) (internal quotations omitted). The court further held that an officer in Hills' position is "entitled to qualified immunity if the totality of the circumstances justified use of the restraint board even if [the officer] erred in believing [the inmate] was self-injurious when placed on the board." *Id.* at 976. Here, the magistrate judge correctly applied *Jackson* in concluding that Hills' decision was not "repugnant to the conscience of mankind," and that the totality of the circumstances justified the use of the restraint board. Therefore, Hills is entitled to qualified immunity.

Hanks' second objection is that the magistrate judge erred in recommending dismissal of the claims against Defendants Nicholas Desotelle and Lawrence Amsden. Pl.'s Obj. at 10. In the R&R, the magistrate judge concluded that those claims should be dismissed because Hanks failed to plead that either Desotelle or Amsden personally violated his rights. *See Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) ("To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights."). In his objection, Hanks alleges that Desotelle

and Anderson are seen on the videotaped recording of Hanks' placement on the restraint board "cranking and yanking on the straps." Pl.'s Obj. at 10. Hanks argues – or appears to argue – that this video evidence is enough to satisfy the § 1983 pleading requirement.

This objection is overruled for two reasons. First, the allegation about Desotelle and Amsden was not properly raised before the magistrate judge. "[T]he basic purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." *Reciprocal Exch. v. Noland*, 542 F.2d 462, 464 (8th Cir. 1976); *see also Roberts v. Apfel,* 222 F.3d 466, 470 (8th Cir. 2000). Second, even if Hanks had properly introduced his claims against Desotelle and Amsden, those two Defendants would still be entitled to qualified immunity for the same reason as Hills: even viewed in the light most favorable to Hanks, the facts alleged do not support a claim for cruel and unusual punishment. Among other considerations, the video shows Nurse Olivier checking each strap for tightness, and Hanks does not appear to be in distress as a result of the straps. *See* ECF No. 186.

Hanks' third objection involves his claim of deliberate indifference. Hanks contends that the magistrate judge erred in concluding that he needed to provide verifying medical evidence showing that he suffered detrimental effects from the alleged lack of medical care. Pl.'s Obj. at 11-12. The magistrate judge is correct. Because Hanks is alleging that the individual Defendants violated his Eighth Amendment rights by delaying his medical care – i.e., by not having the on-call doctor attend to his wound until the next day – he must

3

provide evidence to show the detrimental effect of this alleged delay. As the Eighth Circuit has explained:

> When an inmate alleges that a delay in medical treatment constituted a constitutional deprivation, the objective seriousness of the deprivation should also be measured by reference to the effect of delay in treatment. An inmate's failure to place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment precludes a claim of deliberate indifference to medical needs.

*Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotation and citation omitted). Here, Hanks has not provided evidence of a detrimental effect caused by any Defendant's decision to bring in the on-call doctor the day after Hanks injured himself. Accordingly, Hanks' objection to the magistrate judge's conclusion regarding deliberate indifference is overruled.

Lastly, Hanks objects that the Report and Recommendation relies on inadmissible hearsay evidence and inadmissible lay and expert opinions. Pl.'s Obj. at 12-13. Hanks cites to a number of paragraphs in several affidavits in the record to support his hearsay objection. He does not cite any specific instances of improperly considered lay or expert testimony, referring instead to his summary judgment response brief in general.

Hanks' objection concerning lay or expert testimony is wholly unsupported and therefore overruled. As to the hearsay objection, it is of course well settled that "[w]hen an affidavit contains an out-of-court statement offered to prove the truth of the statement that is inadmissible hearsay, the statement may not be used to support or defeat a motion for summary judgment." *Brooks v. Tri-Sys., Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005). Here, however, Hanks fails to establish how – or, for that matter, if – any of the cited statements

were actually relied upon in the R&R. He lists a number of alleged hearsay statements in his objections, but the Court is unable to sustain an objection based merely on a blanket assertion that the magistrate judge "relied" on them. Pl.'s Obj. at 12. Moreover, even if Hanks had properly explicated how the magistrate judge relied on the statements, the objection would still be overruled because the statements all appear to fall under the hearsay exceptions in Rule 803(4) (for statements made for medical diagnosis or treatment) or Rule 803(6) (for records of regularly conducted activity) of the Federal Rules of Evidence. Accordingly, Hanks' objection as to inadmissible hearsay is also overruled.

## CONCLUSION

Accordingly, based upon all of the files, records and proceedings herein, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to the Report and Recommendation [ECF. No. 253] are OVERRULED.

2. Defendants' motion for summary judgment [ECF No. 157] is GRANTED.

3. This action is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 16, 2018	**s/ Joan N. Ericksen**
JOAN N. ERICKSEN
United States District Judge